770 A.2d 252

IN THE MATTER OF THOMAS J. FORKIN,
AN ATTORNEY AT LAW.

April 27, 2001.

### O R D E R

The Disciplinary Review Board having filed with the Court its decisions in DRB 99–293 and DRB 99–335 concluding that **THOMAS J. FORKIN** of **NORTHFIELD,** who was admitted to the bar of this State in 1995, should be suspended from the practice of law for a period of one year for multiple acts of unethical conduct in a number of matters, including violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.5 (failure to return an unearned fee), *RPC* 1.14 (failure to communicate with client), *RPC* 1.16 (improper termination of representation), *RPC* 3.3(a)(1) (false statement of material fact to a tribunal), *RPC* 7.5(a)(1) (false or misleading letterhead), *RPC* 8.1(a) (false statement of law or fact to disciplinary authorities), *RPC* 8.4(c) (dishonesty, fraud, deceit or misrepresentation), and *RPC* 5.5(a) and *R.*1:26 (practicing law while ineligible);

And the Disciplinary Review Board having determined that prior to reinstatement to practice, respondent should be required to provide proof of his fitness to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics and that on reinstatement respondent should practice

under the supervision of a practicing attorney for the period of two years;

And good cause appearing;

It is ORDERED that **THOMAS J. FORKIN** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective May 29, 2001; and it is further

ORDERED that prior to reinstatement, respondent shall demonstrate his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.